**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mustafa Shayan,<br><br>   Plaintiff,<br><br>v.<br><br>Sandra Williams, et al.,<br><br>   Defendants. | No. CV-22-00115-TUC-RM<br><br>**ORDER** |

On March 28, 2024, the Court screened Plaintiff's Sixth Amended pro se civil rights Complaint under 28 U.S.C. § 1915A, ordered Defendants Williams, Duarte, Romero, and Galaviz to answer the Complaint, and dismissed the remaining defendants. (Doc. 28.). Pending before the Court is Defendant Galaviz's Motion to Strike Plaintiff's Response to Defendant's Answer (Doc. 47), Plaintiff's Motion to Obtain Addresses for Subpoenas (Doc. 49), Plaintiff's Motion for Issuance of Subpoena (Doc. 56), and Plaintiff's Motion for Extension of Time for Service of Process for Summons (Doc. 57).[1]

**I. Defendant's Motion to Strike (Doc. 47)**

Defendant Galaviz has filed a Motion (Doc. 47) requesting that the Court strike Plaintiff's Response to Defendant's Answer (Doc. 46) because a reply to an answer is not allowed without a court order. Under Rule 7 of the Federal Rules of Civil Procedure, a reply to an answer is only permitted "if the court orders one." Fed. R. Civ. P. 7(a)(7). Plaintiff did not object to Defendant's Motion, nor did Plaintiff's Response provide any

---
[1] Other pending motions will be resolved separately.

justification for the Court to consider it without the required permission. Accordingly, Plaintiff's Response to Defendant Galaviz's Answer (Doc. 46) will be stricken.

**II.     Plaintiff's Motions Regarding Service (Docs. 49, 56, 57)**

To date, only Defendant Galaviz has been served. (Doc. 32; *see also* Docs. 30, 31, 33.) On July 9, 2024, Plaintiff filed a Motion asking the Court to order defense counsel to provide the complete names and badge numbers for all named Defendants. (Doc. 38.) Defendant Galaviz opposed the Motion. (Doc. 39.) In an August 27, 2024 Order, the Court declined Plaintiff's request but extended the deadline to serve the remaining unserved Defendants by 60 days from the date of the Order, directed the Clerk of the Court to mail Plaintiff three blank subpoenas, and referred Plaintiff to General Order 18-19. (Doc. 42 at 2-3.) The Court warned Plaintiff that if he could not provide the necessary information to effectuate service on Defendants Williams, Romero, and Duarte, Plaintiff's claims against them may be dismissed. (*Id.* at 2-3.) Finally, the Court warned Plaintiff that it was not inclined to grant further extensions of the service deadline. (*Id.* at 2.)

On September 26, 2024, Plaintiff filed the pending Motion to Obtain Addresses for Subpoenas, again asking that the Court issue an order requiring Defendants to provide the last-known addresses of Defendants Williams, Romero, and Duarte. (Doc. 49.) Plaintiff did not submit proposed subpoenas with the Motion. (*See* Doc. 49.)

In Response, Defendant Galaviz argues that the Motion should be denied because Galaviz does not know any other Defendant's personal address. (Doc. 52.) However, Defendant Galaviz states that, although Plaintiff has not provided full names, he understands the subjects of Plaintiff's Sixth Amended Complaint to be Sergeant Erica Duarte and Corrections Officer Jose Romero, who "may be able to be served at the Pima County Sheriff's Department, located at 1750 E. Benson Highway, Tucson, AZ 85714." (*Id.* at 3.)[2] Defendant Galaviz notes that the Sheriff's Department no longer employs

---

[2] The Process Receipt and Return forms for Defendants Romero and Duarte indicate that they could not be served at the Pima County Sheriff's Department because Plaintiff did not provide their full names and/or badge numbers. (Docs. 31, 33.)

Defendant Sandra Williams, and he is unaware of an address at which she may be served. (*Id.*)[3]

After Defendant filed his Response, Plaintiff filed the pending Motion for Issuance of Subpoena and Motion for Extension of Time for Service of Process of Summons. (Docs. 56, 57.)  In his Motion for Issuance of Subpoena, Plaintiff explains that "[s]ince the Defense counsel provided the presumed address…Plaintiff now moves the Court to forward all appropriate paperwork in order to successfully serve Sergeant Duarte and Officer Romero."  (Doc. 56 at 4.)  As to Defendant Sandra Williams, Plaintiff states that he "intends to serve her by Pima County Sheriff's Department address as well."  (*Id.*)[4]

In his Motion for Extension of Time for Service of Process of Summons, Plaintiff requests a 30-day extension of the service deadline.  (Doc. 57.)

Defendant Galaviz responded in opposition to Plaintiff's Motion for Issuance of Subpoena and Motion for Extension of Time.  (Doc. 59.)  He argues that Plaintiff's Motions should be denied because Plaintiff has not shown good reason for the requested 30-day extension.  (*Id.*)[5]

If a defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  The "court must extend the time for service for an appropriate period" if the plaintiff shows good

---

[3] The Process Receipt and Return form for Defendant Williams indicates that she could not be served at the Pima County Sheriff's Department because she is no longer employed there. (Doc. 30.)

[4] In Plaintiff's Motion for Issuance of Subpoena, Plaintiff states that he "will send subpoenas to the Clerk of Court to further the procedure unless this Court decides otherwise."  (Doc. 56 at 4.)  The Court will not direct Plaintiff to choose a particular method to obtain addresses for the unserved Defendants. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.")

[5] In Plaintiff's Motion for Issuance of Subpoena, he suggests that if his attempt at serving Defendant Williams is unsuccessful, the Court "assign a private investigator on this matter to assist in procuring the necessary information so Plaintiff may serve" her. (Doc. 56 at 4.)  Defendant Galaviz counters that this request should be denied because Plaintiff has not "provided any reason why the Court should assign a private investigator on his behalf."  (Doc. 59 at 1.)  The Court concurs and this request will be denied.  As the Court has repeatedly instructed, it is Plaintiff's responsibility to provide addresses at which Defendants may be served.

1  cause for failing to timely effect service.  *Id.*  Pursuant to Federal Rule of Civil Procedure
2  4(m), the Court finds that Plaintiff has been diligent in pursuing service, given the
3  challenges related to his incarceration.  The Court further finds that an additional 60-day
4  extension of time to complete service on Defendants Williams, Romero, and Duarte will
5  serve the interests of justice, and that good cause exists for such extension.  **However,**
6  **the Court warns Plaintiff that no further extensions of the service deadline will be**
7  **granted.**

8  It appears that, instead of subpoenaing addresses for the unserved Defendants,
9  Plaintiff instead intends to rely on the United States Marshal for service of process using
10 the address provided by Defendant Galaviz.  Accordingly, the Court will deny without
11 prejudice Plaintiff's Motion to Obtain Addresses for Subpoenas (Doc. 49) and Motion for
12 Issuance of Subpoena (Doc. 56).  Furthermore, the Court will grant Plaintiff's Motion for
13 Extension of Time for Service of Process of Summons (Doc. 57) and order the Clerk of
14 Court to resend Plaintiff service packets.  As outlined below, Plaintiff must complete and
15 return the service packets to the Clerk of Court within 21 days of the date of filing of this
16 Order.

17 **IT IS ORDERED:**

18 (1) Defendant Galaviz's Motion to Strike (Doc. 47) is **granted**.  Plaintiff's
19 Response to Defendant Galaviz's Answer (Doc. 46) is **stricken** from the record.

20 (2) Plaintiff's Motion to Obtain Addresses for Subpoenas (Doc. 49) is **denied**
21 **without prejudice**.

22 (3) Plaintiff's Motion for Issuance of Subpoena (Doc. 56) is **denied without**
23 **prejudice**.

24 (4) Plaintiff's Motion for Extension of Time for Service of Process of
25 Summons (Doc. 57) is **granted**.  Plaintiff's deadline for serving Defendants Williams,
26 Romero, and Duarte is extended **sixty (60) days** from the date this Order is filed.

27 **IT IS FURTHER ORDERED:**

28 (1) The Clerk of Court must send Plaintiff a copy of the Court's March 28,

2024 Order (Doc. 28), this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Williams, Romero, and Duarte.

(2) Plaintiff must complete and return the service packet to the Clerk of Court within **21 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Sixth Amended Complaint on Defendants Williams, Romero, and Duarte within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to Defendants Williams, Romero, and Duarte. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(4) The United States Marshal must retain the Summons, a copy of the Sixth Amended Complaint (Doc. 29), a copy of the March 28, 2024 Order (Doc. 28), and a copy of this Order for future use.

(5) The United States Marshal must notify Defendants Williams, Romero, and Duarte of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants Williams, Romero, and Duarte must include a copy of the March 28, 2024 Order (Doc. 28) and this Order.

(6) If Defendant Williams, Romero, or Duarte agrees to waive service of the Summons and Sixth Amended Complaint, the defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(7) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not

returned within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)    personally serve copies of the Summons, Sixth Amended Complaint, and this Order upon Defendants Williams, Romero, and Duarte pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)    within 10 days after personal service is effected, file the return of service for the defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Sixth Amended Complaint, or Orders and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)    Defendants Williams, Romero, and Duarte must answer the Sixth Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 14th day of November, 2024.

_____
Honorable Rosemary Márquez
United States District Judge