**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mustafa Shayan,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Pima County Adult Detention Center, et al.,<br><br>　　　　　Defendants. | No. CV-22-00115-TUC-RM<br><br>**ORDER** |

Pending before the Court is Defendant Unknown Duarte's and Defendant Unknown Romero's ("Defendants") Expedited Motion for Court Order Compelling Testimony and to Extend Case Deadlines ("Motion to Compel/Extend") (Doc. 105) and Motion to Supplement Motion for Court Order Compelling Testimony and to Extend Case Deadlines ("Motion to Supplement") (Doc. 106). Plaintiff has not responded to either the Motion to Compel/Extend or the Motion to Supplement. For the following reasons, the Court will grant in part and deny in part the Motion to Compel/Extend, and will grant the Motion to Supplement.

**I.　Motion to Compel/Extend**

　　**a.　Request to Compel Plaintiff's Participation in a Deposition**

In the Motion to Compel/Extend, Defendants aver that despite obtaining leave of Court to take Plaintiff's deposition[1] and providing proper notice to Plaintiff (Doc. 104),

---

[1] Fed. R. Civ. P. 30(a)(2)(B) requires that leave of Court be granted to take the deposition of a person who is confined in prison. Here, Plaintiff is currently confined in state prison. On September 9, 2025, leave of Court was granted to take Plaintiff's deposition. (Doc. 102 at 3.)

1  when Defendants attempted to telephonically depose Plaintiff on November 20, 2025,
2  Plaintiff refused to participate and left the telephone conference without answering any
3  questions. (Doc. 105 at 2.) Defendants further aver that Plaintiff has failed to respond to
4  written discovery requests propounded by Defendants on September 8, 2025, and
5  September 10, 2025, making Plaintiff's participation in a deposition even more critical.
6  (*Id.*) However, Defendants move only to compel Plaintiff's participation in a deposition,
7  and do not at this time seek an Order compelling Plaintiff to respond to the unanswered
8  written discovery requests. (*See id.*)

9        Under the Federal Rules of Civil Procedure, a party "may obtain discovery
10 regarding any nonprivileged matter that is relevant to any party's claim or defense and
11 proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In the context of discovery,
12 relevant information "has been construed broadly to encompass any matter that bears on,
13 or that reasonably could lead to other matter that could bear on, any issue that is or may be
14 in the case." *In re Williams-Sonoma*, 947 F.3d 535, 539 (9th Cir. 2020) (*citing*
15 *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)). "A party may, by oral questions,
16 depose any person, including a party[.]" Fed. R. Civ. P. 30(a)(6). Discovery matters are
17 committed to the discretion of the district court, and a district court "has wide latitude in
18 controlling discovery." *Pizzuto v. Tewalt*, 136 F.4th 855, 867 (9th Cir. 2025) (*citing White
19 v. City of San Diego*, 605 F.2d 455 (9th Cir. 1979)).

20       Here, taking Plaintiff's deposition is an important means of obtaining relevant
21 information regarding the claims at issue. If denied the opportunity to depose Plaintiff,
22 Defendants may be unable to obtain information that is crucial to the resolution of this
23 matter. Therefore, the Court will compel Plaintiff to participate in a deposition taken by
24 Defendants' counsel. If Plaintiff fails to comply with this Order, sanctions—including
25 striking pleadings in whole or in part, dismissal of this action, or default judgment—may
26 be appropriate. *See* Fed. R. Civ. P. 41; 37(b)(2)(A).

27       **b. Requests for Attorneys' Fees and Costs**
28       Next, Defendants request an award of attorneys' fees and court reporter fees

incurred during Defendants' unsuccessful attempt to depose Plaintiff on November 20, 2025. (Doc. 105 at 3-4.) Defendants argue that such an order is appropriate given that it was "Plaintiff's own unlawful lack of cooperation" that led to Defendants incurring these expenses unnecessarily. (*Id.* at 4.)

If a motion to compel is granted, a court must require the party or deponent whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). This is subject to certain exceptions, however, including where "other circumstances" would "make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). If a party fails to appear at a duly noticed deposition, a court may, but is not required to, impose monetary sanctions. Fed. R. Civ. P. 37(d). Courts frequently decline to impose monetary sanctions against a party proceeding in forma pauperis. *Hammler v. Lyons*, No. 119CV01650AWIGSAPC, 2023 WL 395898 (E.D. Cal. Jan. 25, 2023) (collecting cases), *report and recommendation adopted*, No. 119CV01650AWIGSAPC, 2023 WL 2839470 (E.D. Cal. Apr. 7, 2023).

Given that Plaintiff is proceeding in forma pauperis, the Court will decline to impose monetary sanctions at this time. However, if Plaintiff continues to be uncooperative regarding the taking of his deposition, future monetary sanctions may be appropriate. *See* Fed. R. Civ. P. 37(a)(5)(A).

### c. Request to Extend Deadlines

Finally, Defendants request that all remaining deadlines in the above-captioned matter be extended by sixty days. (Doc. 105 at 4.) Defendants explain that Plaintiff's lack of cooperation regarding his deposition necessitates additional time in which to complete that deposition, and that this delay has impacted Defendants' ability to comply with the other remaining deadlines in this case. (*Id.*) The Court finds good cause to grant the requested extension, and will grant an additional five days—for a total of a sixty-five-day extension—to account for the time that the Motion to Compel/Extend has been under consideration.

. . . .

**II.      Motion to Supplement**

In the Motion to Supplement, Defendants seek leave to submit a transcript of the attempted deposition of Plaintiff on November 20, 2025, as an additional exhibit in support of the Motion to Compel/Extend. (Doc. 106.) Defendants aver that the transcript was not yet available when the Motion to Compel/Extend was filed. (*Id.*) The Court will grant the Motion to Supplement and has reviewed the attached transcript, which supports Defendants' account of the November 20, 2025 events.

Accordingly,

**IT IS ORDERED** that Defendants' Expedited Motion for Court Order Compelling Testimony and to Extend Case Deadlines (Doc. 105) is **granted in part and denied in part** as discussed herein. The deadlines set forth in the Court's September 9, 2025 Order (Doc. 102) are modified as follows:

1. Defendants shall depose Plaintiff on or before **January 26, 2026**.
2. The parties shall disclose all expert witnesses, if any, and their Rule 26(a)(2)(B) reports by **February 9, 2026**. Disclosure of rebuttal expert testimony, if any, shall be completed no later than **March 15, 2026**.
3. The parties shall disclose a witness list on or before **March 15, 2026**.
4. All discovery shall be completed by **April 13, 2026**.
5. Dispositive motions addressing exhaustion of administrative remedies under the Prison Litigation Reform Act shall be filed on or before **February 15, 2026**. Dispositive motions addressing the merits of Plaintiff's claims shall be filed on or before **May 11, 2026**.
6. The parties shall submit a jointly prepared letter regarding the status of settlement by **April 6, 2026**.
7. Parties and counsel shall file a Joint Proposed Pretrial Order within **thirty (30) days** after resolution of the dispositive motions filed after the end of discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **June 15, 2026**.

**IT IS FURTHER ORDERED** that all other provisions of the Court's September 9, 2025 Order remain in full force and effect.

**IT IS FURTHER ORDERED** that Defendants' Motion to Supplement Motion for Court Order Compelling Testimony and to Extend Case Deadlines (Doc. 106) is **granted**.

Dated this 9th day of December, 2025.

_____
Honorable Rosemary Márquez
United States District Judge